IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHNNY GREENWOOD, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:20-cv-566 |
| | § | |
| TEACHER RETIREMENT SYSTEM OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Johnny Greenwood, Jr. hereby files this Complaint and sues Defendant Teacher Retirement System of Texas for discrimination based on race, color, and sex, and retaliation under Title VII of the Civil Rights Act of 1964. In support, Mr. Greenwood states as follows:

## PARTIES

1. Plaintiff Johnny Greenwood, Jr. is an African-American male residing in Travis County, Texas. He was an employee of Defendant from approximately January 15, 2015 to May 31, 2018.

2. Defendant Teacher Retirement System of Texas (TRS) is a public pension plan of the State of Texas with its headquarters located at 1000 Red River Street, Austin, Texas 78701. It may be served with process through Brian Guthrie, 1000 Red River Street, 13th Floor, Austin, Texas 78701.

## JURISDICTION AND VENUE

3. This is an action for damages under Title VII of the Civil Rights Act of 1964. The Court therefore has jurisdiction over this dispute pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because all events giving rise to this lawsuit occurred in the Western District of Texas in Travis County.

## FACTUAL BACKGROUND

5. Plaintiff, an African-American male, formerly worked for the Teacher Retirement System of Texas. In the summer of 2017, Plaintiff was informed by his supervisor (a Hispanic female) that he would have to cancel a previously scheduled vacation due to her absence from work. Plaintiff asked to discuss the matter, but the supervisor responded by excluding Plaintiff from important meetings and training. Plaintiff complained about the hostile environment and requested to be moved to another position out of her supervision.

6. At or near the end of December 2017, Plaintiff applied for a Payroll Coordinator position. He was not selected for the position, and the position was instead given to a less qualified Hispanic female.

7. Plaintiff complained about the selection process to the Defendant's Human Resources Department. After making his complaint, he began to suffer retaliation. For example, in February 2018, he was placed on a "Performance Improvement Plan" and given 90 days to "improve." This was his first "write-up" in almost 30 years of work within various agencies in Texas.

8. Plaintiff was also singled out to perform less appealing work that his co-workers did not have to perform. Upon information and belief, Plaintiff was producing more work than his co-workers, yet, in May 2018, his Performance Improvement Plan was extended for 30 days "to improve" his performance.

9. To avoid being discharged, Plaintiff was forced to return to an old position at a significant decrease in pay. This change in position constituted a demotion.

10. Plaintiff was discriminated against, forced to take a lower paying position and ultimately constructively discharged on or about May 18, 2018 because of his race, color, and sex, and in retaliation for his complaints.

11. Another African American co-worker left the department because of issues regarding the same Hispanic supervisor.

### FIRST CAUSE OF ACTION: TITLE VII DISCRIMINATION

12. Defendant discriminated against Plaintiff based on his race, color, and sex, including, without limitation, by failing to hire him for the Payroll Coordinator position, placing him on a Performance Improvement Plan that was inappropriate and unneeded, and creating a hostile work environment.

13. Additionally, constructive discharge in violation of Title VII occurs when the harassment or discrimination at issue is so intolerable that a reasonable person in the same position would have felt compelled to resign, and the decision to resign was reasonable given the totality of the circumstances. Defendant's actions in failing to hire Plaintiff for a position for which he was qualified, singling him out to perform less appealing duties that his co-workers did not want to perform, and engaging in other harassment and hostility resulted in Plaintiff's constructive discharge.

### SECOND CAUSE OF ACTION: TITLE VII RETALIATION

14. Plaintiff engaged in a protected activity by complaining about discrimination in connection with the Defendant's failure to hire him for the Payroll Coordinator position. After engaging in that protected activity, he suffered adverse employment actions in the form of being placed on a performance improvement plan, being given less desirable work duties, being demoted, and then ultimately being constructively discharged. There is a causal connection between

Plaintiff's protected activity and these adverse actions. The adverse actions occurred in close proximity to the protected activity.

## DAMAGES

15. Due to the Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered damages for loss of income, retirement benefits, and other losses. Further, Plaintiff has had to incur attorney's fees in the prosecution of this matter. Plaintiff seeks all damages and relief available under Title VII, including compensatory damages.

## CONCLUSION

For these reasons, Plaintiff prays that the Court grant judgment in his favor against the Teacher Retirement System of Texas for damages, attorney's fees and costs, and that he be awarded all such other and further relief to which it may be entitled, at law or in equity.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By: /s/ James E. Byrom
James E. Byrom
State Bar No. 03568100
jbyrom@thompsonhorton.com

3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6767
Facsimile: (713) 583-8884

ATTORNEYS FOR DEFENDANT