IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHNNY GREENWOOD, JR.<br>    Plaintiff,<br><br>v.<br><br>TEACHER RETIREMENT SYSTEM OF<br>TEXAS,<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:20-cv-00566 LY |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT, OR IN THE ALTERNATIVE, FOR RELIEF FROM JUDGMENT**

Plaintiff Johnny Greenwood files this reply in support of his Motion to Alter or Amend Judgment, or in the Alternative, for Relief from Judgment (the "Motion"), as follows:

**PLAINTIFF IS ENTITLED TO RELIEF UNDER RULE 59(e) OR RULE 60(b)**

1. In granting Rule 59(e) relief, a court "must strike the proper balance between two competing imperatives: (1) finality; and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bolhlin Co., Inc. v. Banning Co., Inc.*, 6 F. 3d 350, 355 (5th Cir. 1993). In doing so, a court should consider the following non-exclusive factors: (1) the reasons justifying consideration of evidence or arguments that the movant failed to present in the underlying motion; (2) the importance of the evidence or arguments; (3) whether the reasons justifying reconsideration were available to the movant before they responded to the underlying motion; and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered. *Sturges v. Moore,* 73 Fed. App'x 777, 778 (5th Cir. 2003) (citing *Ford v. Elsbury,* 32 F.3d 931, 937–38 (5th Cir. 1994)). A court should engage in the same balancing of competing interests when deciding a motion under Rule 60(b). *Edward H. Bohlin Co.,* 6 F.3d at 356; *see* FED. R. CIV. P. 60(b)(1), (b)(6).

2. The applicable factors weigh in favor of granting Plaintiff's Motion: (1) Plaintiff's reason for not amending his complaint within Local Rule 7(e)(2)'s response deadline was not the result

of a careless mistake (as explained in more detail below and in Plaintiff's Motion);[1] (2) consideration of Plaintiff's Amended Complaint will allow this case to be decided on its merits; and (3) Defendant will not be unfairly prejudiced because this case is in its early stages, and Plaintiff amended his complaint within the deadlines set forth in Rule 15(a).

3. Defendant cites *Rayford v. Karl Storz Endoscopy-America, Inc.*, 740 Fed. App'x 435, 437 (5th Cir. 2018) as a basis for denying Plaintiff's Motion under Rule 60(b), arguing that "[c]alendaring errors and mistakes about deadlines qualify as a careless mistake of counsel." [Dkt. No. 11, p. 4]. But Plaintiff has not claimed the existence of a "calendaring error," nor has he alleged that anyone committed a "careless mistake." For example, Plaintiff does not allege that he miscalendered the deadline, that he inadvertently miscalculated the deadline, or that he simply forgot about the deadline. Rather, Plaintiff alleges that he believed (and continues to believe) that his deadline to amend his complaint was governed by Federal Rule 15(a). There is no Local Rule 15, or any other Local Rule that expressly addresses or modifies the deadlines set forth in Rule 15(a). Local Rule 7(e)(2) only speaks to the deadline for "responses" to dispositive motions—not a party's deadline to amend his complaint *as a matter of right* under Rule 15(a). To the extent that Plaintiff's belief was mistaken, that mistake was not "careless." To the contrary, Plaintiff respectfully asserts that the mistake resulted from a lack of clarity regarding Local Rule 7(e)(2)'s applicability to Federal Rule 15(a)(2).

4. Furthermore, *Rayford*—a summary judgment case—relied, in part, on *Smith v. Alumax Extrusions, Inc.*, 868 F.2d 1469 (5th Cir. 1989), another summary judgment case. But, in *Smith*, the Fifth Circuit noted that Rule 60(b) relief is applied liberally in the context of default judgments:

---

[1] Once it is established that a party's neglect "was at least a partial cause of its failure to respond," the moving party then has "the burden to convince the court that its neglect was excusable." *Rogers v. Hartford Life & Accident Ins. Co.,* 167 F .3d 933, 939 (5th Cir.1999). As detailed herein, Plaintiff's reason for not responding to the Motion to Dismiss was not based on ignorance of the law or gross carelessness as Defendant asserts, but instead on reliance of Rule 15(a), which provides that Plaintiff had 21 days after service of a Rule 12(b) motion to amend his complaint. To the extent Plaintiff's mistake is considered to be neglect, Plaintiff's neglect is excusable.

> [T]he district court entered its summary judgment order in favor of Alumax and the union, not as a default judgment, but on the merits of the dispute between the parties. Traditionally, Rule 60(b) has been applied most liberally to judgments in default since the litigant in such cases has not had an opportunity to adequately present the merits of his case to the district court. By contrast, the district court in the instant case ruled on the merits of the summary judgment motions only after considering various evidentiary exhibits, albeit exhibits presented by Alumax and the union, such as excerpts from Smith's deposition, portions of the transcript of the arbitration proceeding, and the written decision of the arbitrator. In sum, on the facts of the instant case, we cannot say that the district court abused its discretion in refusing to find that Smith's failure to respond to the summary judgment motions of Alumax and the unions constituted excusable neglect within the context of Rule 60(b).

*Smith*, 868 F.2d at 1472 (internal citations omitted). Here, although Plaintiff's lawsuit was not dismissed in the traditional default context, it was dismissed in the initial pleading stage. There has been no presentation of the merits, review of summary judgment evidence or other discovery materials, and certainly no arbitration award. Plaintiff has not been given the opportunity to present the case on the merits. Accordingly, Rule 60(b) relief should be applied liberally in this case.

5.  Defendant also cites *Williamson v. City of Morgan City*, 428 Fed. App'x 356, 357 (5th Cir. 2011) for the proposition that Rule 60(b) relief is not available based on counsel's inadvertent mistake. However, the *Williamson* Court denied a pro se plaintiff's "multiple motions to reconsider," noting that they were untimely, sometimes by many months. *Id.* at 358. In this case, Plaintiff timely filed his Motion, so Defendant's reliance on *Williamson* is unclear. Moreover, the Fifth Circuit's statements in *Williamson* actually support Plaintiff's request for relief under these circumstances:

> In cases where denying Rule 60(b) relief "precludes examination of the full merits of the cause," this court has allowed for more leniency in reopening cases. However, that leniency does not apply in cases in which the petitioner has already been accorded a full determination on the merits of his case. Williamson's [former] attorney responded to the defendants' motion for summary judgment, and the district court issued a reasoned summary judgment decision on the merits of Williamson's case. He is not entitled to the leniency accorded those who only receive default judgments.

*Williamson*, 428 Fed. App'x at 358 (internal citations omitted). As noted above, this case is analogous to cases dismissed by default because there has been no examination of the full merits of the case, and relief should therefore be liberally granted.

3

6.      Furthermore, granting Defendant's Motion to Dismiss without allowing Plaintiff at least one opportunity to cure any pleading deficiencies in his Complaint resulted in a manifest error in law under Rule 59(e).  *See generally Hart vs. Bayer Corp.* 199 F. 3d 239, 247 n.6 (5th Cir. 2000) (courts generally should not dismiss claims without first allowing leave to amend).  Federal Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires."  FED. R. CIV. P. 15(a).  This and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v Gibson,* 355 U.S. 41, 48 (1957). Accordingly, Plaintiff requests that the Court vacate its judgment dismissing his claims with prejudice.

## PLAINTIFF'S LAWSUIT WAS TIMELY FILED

7.      Defendant continues to argue that Plaintiff's lawsuit was untimely, but the Amended Complaint specifically pleads (*and* attaches supporting documentation conclusively showing) that the EEOC did not mail the Right to Sue letter to Plaintiff until Monday, February 24, 2020.  *See* Amended Complaint at ¶ 20 ("Exhaustion of Administrative Remedies") & Exh. 1.[2]  Plaintiff received the Right to Sue letter, via his attorney, on Thursday, February 27, 2020 (*i.e.*, three days after it was mailed).[3]  *See id.* at Exh. 3.[4]  Plaintiff filed the Original Complaint within the 90-day deadline, on May 27, 2020. [Dkt. No. 1].  Defendant ignores these allegations in the Amended Complaint (and the supporting documentation), and represents to the Court that "Plaintiff has not and cannot plead around the time-bar and immunity problems that the Court found justified a prejudicial dismissal of his claims against TRS."  [Dkt. No. 11, p. 5].  Defendant's representation is incorrect.  Plaintiff's lawsuit was not untimely, and allowing Plaintiff to file his Amended Complaint would not be futile.

---

[2] For ease of reference, Plaintiff again hereby attaches his Amended Complaint as Exhibit A.
[3] Notably, Defendant argued in its Motion to Dismiss that a "three-day presumption for receipt of a right-to-sue letter" should apply. [*See* Dkt. No. 6, p. 6].
[4] Plaintiff's counsel also located a date-stamped copy of the Right to Sue letter, which further demonstrates that Plaintiff received the letter on February 27, 2020.  *See* Declaration of Lin DuBois, attached as Exhibit B.

## **THE AMENDED COMPLAINT STATES A CLAIM AGAINST DEFENDANT**

8. Defendant also argues that the Amended Complaint does not state a *prima facie* claim of discrimination or retaliation, but its arguments are conclusory and ignore the fact that, at this stage of the litigation, Plaintiff's well-pleaded allegations must be taken as true. The Amended Complaint alleges that Plaintiff is a member of protected class, that he was treated less favorable than similarly situated employees outside of his protected class, that he engaged in protected activity within the meaning of Title VII, and that he experienced discriminatory and/or retaliatory adverse employment actions that occurred within 300 days of the date that he filed his EEOC charge (*e.g.*, having an illegitimate Performance Improvement Plan extended for an additional 30 days, being given less desirable job duties, and being constructively discharged). *See, e.g.,* Amended Complaint at ¶¶ 8–19. Plaintiff also alleges the existence of a hostile working environment based on discriminatory and retaliatory harassment that was frequent, repeated, and continuing throughout the summer of 2017 through the end of his employment in May 2018. *See, e.g., id.* at ¶¶ 13–16. In other words, the Amended Complaint alleges continuing violations by Defendant over the course of approximately one year. *See id.* at ¶¶ 5–19; *see also, e.g., Heath v. Bd. of Supervisors for Southern Univ.*, 850 F.3d 731, 740–41 (5th Cir. 2017) (pursuant to continuing violation doctrine, professor could support hostile work environment claims with conduct occurring more than 300 days before she filed EEOC charge). Accordingly, allowing Plaintiff to file his Amended Complaint would not be futile, and Plaintiff respectfully requests that the Court grant his Motion so that this case can be decided on the merits.

## **CONCLUSION**

Plaintiff respectfully requests that the Court reconsider and vacate the Final Judgment dismissing Plaintiff's suit and instead provide Plaintiff with an opportunity to amend his pleading under Rule 15. Plaintiff further requests that his claims be considered on the merits, and not dismissed under Rule 7(e)(2). Plaintiff also requests all other and further relief to which he is entitled.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By: /s/ James E. Byrom
    James E. Byrom
    State Bar No. 03568100
    jbyrom@thompsonhorton.com

3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6767
Facsimile: (713) 583-8884

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that, on October 13, 2020, a true and correct copy of the foregoing document was filed and served via the Court's CM/ECF system, as follows:

Yvonne Bennett
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711
yvonne.bennett.@oag.texas.gov

    /s/ James E. Byrom
    James E. Byrom